## Firestone Tire & Rubber Company, Defendant in Error, v. Saul I. Ginsburg, Plaintiff in Error.

### Gen. No. 23,461.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed January 28, 1918.

### Statement of the Case.

Action by Firestone Tire & Rubber Company, a corporation, plaintiff, against Saul I. Ginsburg, defendant, to recover $8,329.50 on two promissory notes by defendant as maker, each for $5,000. From a judgment for plaintiff for $9,091.66, defendant brings error.

ADOLPH MARKS, for plaintiff in error.

MILLER, GORHAM & WALES, for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*when judgment affirmed for deficiency in abstract.* Where appellant fails to comply with rule 18, requiring that abstracts of record must contain abstracts of the pleadings which are sought to be reviewed, and also fails to properly preserve by bill of exceptions the ruling of the trial court complained of, the judgment will be affirmed.

2. JUDGMENT, § 104*—*when duty of court to default defendant.* Where special pleas only were filed to a declaration containing the common and special counts, and none of such pleas went to the common counts, it was the duty of the court to default the defendant.

3. PLEADING—*number of affidavits of merits.* It is not allowable under section 55 of the Practice Act (J. & A. ¶ 8592), to file more

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

than one affidavit of merits to a plea to a declaration, notwithstanding different defenses are set up to a part of plaintiff's claim.

4. PLEADING, § 153*—*when affidavit of merits is insufficient*. An affidavit of merits that plaintiff had accepted one of two notes sued on in satisfaction and payment of the other note, with knowledge of the fact that both notes were given to the payee therein mentioned without consideration, was insufficient, even if plaintiff had received the notes with knowledge that they were given as accommodation papers, as knowledge of this fact alone would not defeat the action.

5. PLEADING, § 366*—*when pleas properly stricken*. In an action against the maker of two promissory notes to recover thereon, where an affidavit of merits was properly stricken from the files, *held* that the pleas, being unsupported, were also properly stricken.